UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------

TALEETHA STEPLIGHT,

                Plaintiff,

    v.

NEW YORK CITY DEPARTMENT OF
TRANSPORTATION,

                Defendant.

---------------------------------------

12 Civ. 113

**OPINION**

    *Pro se* plaintiff Taleetha Steplight moves for reconsideration of the court's dismissal of her action against the New York City Department of Transportation. In her complaint, Steplight alleged that she had been the victim of retaliation and racial discrimination in her workplace.

    Steplight's discrimination claim arises under Title VII of the Civil Rights Act, so she was required to file at timely charge with the Equal Employment Opportunity Commission or an equivalent state or local agency. But her complaint revealed that her charge with the EEOC could not have been timely for any of the misconduct alleged in the complaint. Accordingly, the court dismissed her complaint.

    Steplight now moves for reconsideration of the dismissal.

    Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F.

Supp. 2d 613, 614 (S.D.N.Y. 2000). Requests for reconsideration must demonstrate controlling law or factual matters—put before the court in its decision on the underlying matter—that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In Steplight's form motion for reconsideration, she provides no proper ground for reconsideration. She points to no law or fact that the court overlooked. Instead, she requests that the court order that the Department of Transportation to conduct a "real investigation" of her mistreatment. She also asserts that a proper investigation would avoid the statute of limitations on her claim, but she does not explain how or why this result is possible under the law or the facts of her case. And the court already addressed the statute of limitations in its prior opinion. In essence, Steplight asks for a "duplicative ruling on a previously considered issue." See Hinds County v. Wachovia Bank N.A., 708 F. Supp. 2d 348 (S.D.N.Y. 2010).

The motion is denied.

So ordered.

Dated: New York, New York
~~October 8, 2013~~
October 9, 2013

Thomas P. Griesa
United States District Judge

2